IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 0 5 2015 ★

BROOKLYN OFFICE

-----------------------------------------------------------------x
FIONA GREENIDGE,

                          Plaintiff,

-against-

STATE PROCESSING CENTER,

                          Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

14-CV-7361 (SLT)

**TOWNES, United States District Judge:**

      Plaintiff Fiona Greenidge, proceeding *pro se*, brings this action against defendant State Processing Center, alleging conspiracy, discrimination, and fraud in connection with the processing of her State tax returns and principally seeking monetary damages. Although plaintiff alleges that this Court has jurisdiction under Title VII of the Civil Rights Act of 1964, plaintiff's pleading does not suggest that defendant was ever employed by defendants. Accordingly, while plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, this action is dismissed for failure to state a claim upon which relief may be granted.

## BACKGROUND

      Plaintiff's pleading in this case consists of three pages. The first page—hereafter, the "Complaint"—is a one-page document which lists the parties and their addresses, invokes jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, states that the only remedy plaintiff is seeking is "Monetary Damages," and notes that plaintiff's "Statement of Claim" is set forth in an attachment. The remaining two pages—the "Attachment"—consist of a two-page letter addressed to an unnamed "Representative" but titled, "Complaint/Statement of Claim." For purposes of this memorandum and order, the allegations in the Attachment are assumed to be true.

The Attachment principally relates to defendant's handling of various income tax filings made in 2013 and 2014. The first of these filings was made on May 16, 2013, by plaintiff's son or by a "tax preparer" working on his behalf. Attachment, p. 1. The tax preparer erroneously determined that plaintiff's son owed the State $387.00, which plaintiff paid on her son's behalf. *Id.* Defendant did not correct the error, but debited the money from plaintiff's checking account. *Id.*

Subsequently, in the course of preparing her own taxes, plaintiff realized that her son had not actually owed the $387.00. *Id.* Rather than filing an amended tax return on Form IT-201-X, plaintiff simply "mailed a letter to the NYS Department of Taxation and Finance," which was signed by both plaintiff and her son. *Id.* Plaintiff and her son did not receive a refund. *Id.*

The only other tax filings discussed in the Attachment are plaintiff's own filings for Tax Year 2013. The Attachment alleges that plaintiff mailed her State tax forms on May 19, 2014, expecting to receive a tax refund from the State. However, she did not receive a tax refund from either the State or the Internal Revenue Service within six weeks. On September 8, 2014, the Internal Revenue Service mailed her a refund, but the "monetary amount" of the refund was "inaccurate" in some unspecified way. When she called to inquire about the status of her State refund, she was allegedly "told that NYS HESC requested [her] Tax Refund from the State." *Id.*, p. 2.

Since payments for plaintiff's student loans were automatically debited from her account on a monthly basis in 2011, 2012, and 2013, *id.*, the New York State Higher Education Service Corporation would have had no legal basis for requesting her refund. Plaintiff nonetheless called HESC to verify that they had not done so. *Id.* Plaintiff was "told by their representatives that ... HESC ... did not request" her refund and did not have her money. *Id.*

2

On January 15, 2015, plaintiff commenced this action. Although plaintiff's complaint does not allege that plaintiff was ever employed by, or applied for employment with, defendant State Processing Center, it nonetheless alleges this Court has jurisdiction over this action pursuant to Title VII of the Civil Right Act of 1964. The pleading does not allege plaintiff's race, color, religion, sex, or national origin, but asserts that the "financial problems" alleged in the complaint occurred as a result of a conspiracy and discrimination on account of plaintiff's surname and heritage. Attachment, pp. 1-2. In addition, plaintiff's pleading specifically alleges that the person who falsely claimed that HESC was responsible for seizing her tax refund committed fraud. The Complaint lists "Monetary Damages" as the only remedy plaintiff seeks, but the Attachment states, "I want the parties involved prosecuted." Attachment, p. 2.

## *DISCUSSION*

### *Legal Standard*

Title 28, Section 1915(e)(2)(B), of the United States Code provides that, "[n]otwithstanding any filing fee ... that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (brackets and ellipsis added). In addition, federal courts have an independent obligation to examine the basis of their jurisdiction. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

***Failure to State a Claim***

In this case, plaintiff's complaint fails to state a federal claim on which relief may be granted. Although plaintiff alleges that this Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, it is clear from the facts alleged by plaintiff that she does not have a Title VII claim. Title VII relates to "unlawful employment practices," and prohibits employers, employment agencies, labor organizations, and their training programs from discriminating on the basis of an individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2. However, plaintiff does not allege that defendant was ever her employer, and defendant does not meet the definitions of an employment agency or labor organization. *See* 42 U.S.C. § 2000e(c) and (d). Moreover, the complaint does not allege that plaintiff is a member of a protected class.

Even if plaintiff's pleading could be construed as alleging a violation of some other federal statute or the United States Constitution, this Court could not grant any of the relief plaintiff seeks. First, the Eleventh Amendment of the United States prohibits this Court from awarding monetary damages against the State of New York or its agencies. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Although the express language of this Amendment does not prohibit a state's own citizens from maintaining an action against the state in federal court, the Supreme Court has "extended a State's protection from suit to suits brought by the State's own citizens." *Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 268 (1997) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). In addition, the Eleventh Amendment bars suit against state agencies and state officials when "the state is the real, substantial party in interest." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (quoting *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464 (1945)).

The State Processing Center which plaintiff names as the defendant in this action is operated by the New York State Department of Taxation and Finance. *See* http://www.tax.ny.gov/pit/file/return_assembly_mail.htm. The Department of Taxation and Finance is "a state agency entitled to Eleventh Amendment Immunity." *Temple v. N.Y.S. Dept. of Taxation & Finance*, No. 11-CV-0759 (JFB)(ETB), 2012 WL 503618, at *3 (E.D.N.Y. Feb. 15, 2012) (citing *Walker v. New York*, 150 F. App'x 28, 29 (2d Cir. 2005) (summary order) and *Johnson v. New York*, 21 F. App'x 41, 43 (2d Cir. 2001) (summary order). Accordingly, the Eleventh Amendment bars plaintiff's claim for monetary damages.[1]

---

[1] "Despite this general bar to suits against states created by the Eleventh Amendment, there are two well-established ways to provide judicial power over such cases: abrogation of immunity by Congress and waiver of immunity by a state." *In re 995 Fifth Ave. Associates, L.P.*, 963 F.2d 503, 507 (2d Cir. 1992) (citing *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99). However, Congress has not abrogated the State's Eleventh Amendment immunity with respect to suits regarding tax liabilities, and the State has not waived its immunity.

This Court also cannot prosecute any of the parties involved the wrongdoing alleged in plaintiff's complaint. This is a civil action, not a criminal one, and the Court lacks the power to initiate a prosecution. "[C]riminal prosecutions are within the exclusive province of the public prosecutor, who has complete discretion over the decision to initiate, continue or cease prosecution." *Solomon v. H.P. Action Center, H.P.D.*, No. 99 Civ. 10352 (JSR), 1999 WL 1051092, at *1 (S.D.N.Y. Nov. 19, 1999). "A private citizen does not have a constitutional right to ... compel the initiation of criminal proceedings." *Lis v. Leahy*, No. CIV-90-834E, 1991 WL 99060 at *1 (W.D.N.Y. June 3, 1991); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another").

This Court notes that plaintiff's pleading contains a single sentence which alleges that a "Federal Refund" mailed to plaintiff on September 8, 2014, was for an "inaccurate" "monetary amount." Attachment, p. 2. The Court has jurisdiction over a "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws ...." 28 U.S.C. § 1346(a)(1). However, plaintiff has not named the United States as a party to this action and does not allege facts suggesting that plaintiff seeks to litigate any tax dispute she may have with the Internal Revenue Service. In light of the options available for expeditiously resolving such disputes without litigation, *see* Internal Revenue Service Publication 556, "Examination of Returns, Appeal Rights, and Claims for Refund," pp. 8-9 (Rev. Sept. 2013), this Court declines to construe plaintiff's pleading as raising as a claim under 28 U.S.C. § 1346(a)(1).

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). This dismissal is without prejudice to pursuing whatever remedies plaintiff may have in State court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ Sandra L. Townes
/SANDRA L. TOWNES
United States District Judge

Dated: January 30, 2015
Brooklyn, New York