UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FIONA GREENIDGE,

                                 Plaintiff,

-against-

STATE PROCESSING CENTER,

                                 Defendant.
------------------------------------------------------------------x



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 13 2015 ★

BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

14-CV-7361 (SLT)

**TOWNES, United States District Judge:**

On December 15, 2014, plaintiff Fiona Greenidge, proceeding *pro se*, commenced this action against defendant State Processing Center, alleging conspiracy, discrimination, and fraud in connection with the processing of her New York State tax returns. Although plaintiff was never employed by defendant, plaintiff's pleading alleged that the Court had jurisdiction under Title VII of the Civil Rights Act of 1964. In a memorandum and order dated January 30, 2015, and filed February 5, 2015 (the "Prior M&O"), the Court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. *See Greenidge v. State Processing Ctr.*, No. 14-CV-7361 (SLT), 2015 WL 502231, at *4 (E.D.N.Y. Feb. 5, 2015) The Prior M&O not only explained why plaintiff's Title VII claim was without merit, but explained that the Eleventh Amendment of the United States Constitution precluded the Court from awarding money damages against defendant.

On October 13, 2015, plaintiff filed a motion to reopen the case, which consists of a notice of motion, a two-page affirmation signed by plaintiff, and an affirmation of service. In preparing the notice of motion, plaintiff used a form which prompts the user to specify the

Federal Rule of Civil Procedure on which the motion is based. Plaintiff did not complete this portion of the form.

Both the notice of motion and the affirmation essentially repeat the same claims set forth in plaintiff's complaint. The notice of motion alleges that plaintiff "was discriminated against" and "did not receive [her] refund," in violation of her "rights as an Applicant for [the] State Refund" and her "[T]itle VII Civil Rights under the 1964 Civil Rights Act." The affirmation alleges that plaintiff's "Title VII Civil Rights" were violated because a tax payment which was not owed was debited from her checking account by defendant and never repaid. Plaintiff asserts that she "did not receive the accurate state refund."

## *DISCUSSION*

Although plaintiff's submissions do not specify the basis for this motion, the Court construes it as a motion to reopen pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "[F]inal judgments should not be lightly reopened," *id.*, and 60(b) motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Moreover, "Rule 60(b) does not provide a party with the opportunity to relitigate the merits of a case in an attempt to win a point already 'carefully analyzed and justifiably disposed.'" *Feldman Law Grp. P.C. v. Liberty Mut. Ins. Co.*, 819 F. Supp. 2d 247, 266 (S.D.N.Y. 2011) *aff'd*, 476 F. App'x 913 (2d Cir. 2012); *see also Fleming v. New York University*, 865 F.2d 478, 484 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot ... serve as an attempt to relitigate the merits."). Accordingly, "[a] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Maldonado v. Local 803 I.B. of T. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (summary order) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)).

Plaintiff's motion papers do not establish the extraordinary circumstances that would justify reopening this case. The papers do not identify any controlling decisions or data that the court overlooked, much less decisions or data that might reasonably be expected to alter the Court's conclusions that plaintiff's pleading failed to state a claim against defendant and that the Eleventh Amendment makes defendant immune from plaintiff's claim for money damages. Rather, the motion only attempts to relitigate points already "carefully analyzed and justifiably disposed." *See Feldman Law Grp.*, 819 F. Supp. 2d at 266.

## *CONCLUSION*

For the reasons set forth above, plaintiff's motion to reopen this case is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ Sandra L. Townes
/SANDRA L. TOWNES
United States District Judge

Dated: October 30, 2015
Brooklyn, New York